UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ROGERS,

          Plaintiff,

Case No. 14-CV-11084
Hon. Victoria A. Roberts

v.

BRODER AND SACHSE
REAL ESTATE SERVICES INC., et al.,

          Defendants.
_____

### ORDER GRANTING DEFENDANTS' MOTION TO AMENDED THEIR ANSWER AND TO ADD COUNTERCLAIM (Doc. # 17)

**I.  INTRODUCTION**

Broder and Sachse Real Estate Services ("Broder and Sachse") employed Plaintiff Kenneth Rogers. The other Defendants are Wendy Barnabei, the General Manager of Broder and Sachse, and Renee Sheena, its Assistant Regional Manager. Rogers alleges he worked numerous hours of overtime and Broder and Sachse failed to sufficiently compensate him, in violation of the Fair Labor Standards Act ("FLSA"). Defendants answered Roger's Complaint, but they now seek to amend certain paragraphs of their Answer and add two counterclaims under Rule 15(a)(2) of the Federal Rules of Civil Procedure ("F.R.C.P."). Rogers agrees Defendants can amend their Answer; however, he opposes the addition of the counterclaims; he believes that adding them would be an exercise in futility.

The Court **GRANTS** Defendants' Motion to Amend Their Answer And To Add

Counterclaim.

## II. DISCUSSION

### A. Motion to Amend Answer

Under F.R.C.P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and, the court should "freely give leave when justice so requires." Generally, if an adverse party agrees to allow the other party to amend a pleading under F.R.C.P. 15(a)(2), the court does not have discretion to deny the amendment. *Fern v. United States*, 213 F.2d 674, 677 (9th Cir. 1954). However, even without written consent, the court has discretion to grant or deny leave to amend.

Defendants say Rogers consented to their proposed amended answer. However, they fail to submit Roger's alleged written consent to the Court. Tellingly, Rogers does not oppose Defendants' proposed amendment in his response to Defendants' Motion to Amend.

Since Rogers does not contest amendment, and the Court has the discretion to freely give leave to amend, the Court grants Defendants' Motion to amend paragraphs 7,9, and 10 of their Answer.

### B. Motion to Add Counterclaim

"Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial," and leave to amend should be freely given. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); F.R.C.P. 15(a)(2).

Grounds for denying leave to amend include "undue delay, bad faith, dilatory

motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) *quoting Foman v. Davis*, 371 U.S. 178, 182 (1962).

Rogers relies on futility in his opposition to the addition of counterclaims. An amendment is futile if "the amendment could not withstand a rule 12(b)(6) motion to dismiss." *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2012). Therefore, a court "must construe the complaint in the light most favorable to the [non-moving party], [and] accept all well pled factual allegations as true." *Maxwell v. Corr. Med. Servs., Inc.*, 538 F. App'x 682, 690 (6th Cir. 2013). "The factual allegations must be enough to raise a right of relief above the speculative level and to state a claim to relief that is plausible on its face, [and] the factual content must enable the court to draw the reasonable inference that the party is liable for the misconduct alleged." *Id.* at 691.

Defendants seek to add two counterclaims. The first is for unjust enrichment. Defendants allege Rogers wrongfully retained money that he did not earn while employed by Broder and Sachse. The second counterclaim alleges conversion - Defendants say Rogers converted funds by failing to return the unearned overpayment.

Unjust enrichment is the retention of money or benefits which in justice and equity belong to another. *Tkachik v. Mandeviller*, 487 Mich. 38, 47 (2010). The "party is liable to pay therefor only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it." *Hoving v. Transnation Title Ins., Co.*, 545 F.Supp.2d 662, 669 (E.D. Mich. 2008). For motions to dismiss,"'If

3

reasonable minds could differ whether the alleged retention of benefit is unjust, then dismissal is inappropriate." *Id.* at 670.

Conversion is "any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Thoma v. Tracy Motor Sales, Inc.*, 360 Mich. 434, 438 (1960). Conversion is an intentional tort since the converter's actions are wilful; however, conversion can be committed unwittingly if the converter is unaware of another's outstanding property interest. *Foremost Ins., Co. v. Allstate Ins., Co.*, 439 Mich. 378, 391 (1992). A conversion action based upon money requires an obligation on the part of the defendant to return the specific money entrusted to his care even if the money is not specifically earmarked for its return. *Citizens Ins. Co. v. Delcamp Truck Center, Inc.*, 178 Mich.App. 570, 575 (1989).

In the proposed counterclaims for unjust enrichment and conversion, Defendants allege Broder and Sachse paid Rogers $1,384.62 for work he did not perform, and Rogers kept the money. Rogers allegedly admits that the payment of $1,384.62 was not intended to compensate him for any overtime pay. As a result, Defendants contend that Rogers was unjustly enriched by $1,384.62. Furthermore, Defendants allege that by retaining the unearned overpayment, Rogers is liable for conversion.

Construing the allegations as true and most favorable to the Defendants, the Court finds that Defendants proposed counterclaims are not futile and they allege enough factual matter for the Court to determine that the allegations are plausible. Rogers may have received $1,384.62 from Defendants that he did not earn and which he kept. A jury could find that Rogers was unjustly enriched and liable for conversion, even if it was not his intention to do so. These allegations would survive a motion to

dismiss under F.R.C.P. 12(b)(6), and the proposed counterclaims are not futile.

### III. CONCLUSION

The Court **GRANTS** Defendants' Motion to Amend Their Answer And To Add A Counterclaim. The Amended Answer and Counterclaim must be filed no later than Wednesday, October 8, 2014.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 24, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 24, 2014.

s/Linda Vertriest
Deputy Clerk